■ PETER APELIAN, Respondent, v. FREEMAN'S DAIRY, INC., et al., Defendants, and JOHN J. KELLY, as President of Milk Drivers and Dairy Employees Local 584, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellant.— Order, entered on December 1, 1961, denying the motion of defendant Kelly to dismiss the complaint for insufficiency and for lack of jurisdiction of the subject matter, unanimously affirmed, with $20 costs and disbursements to respondent. This defendant argues that the acts complained of are "arguably" prohibited by the National Labor Relations Act and that as a result the doctrine of Federal pre-emption precludes our courts from exercising jurisdiction over the subject matter (San Diego Unions v. Garmon, 359 U. S. 236). On the papers submitted we cannot conclude that the acts are so "arguably" prohibited. They do not contain sufficient information as to the operative facts underlying the complaint as to enable us to make such a determination. That is so because the allegations are pleaded in a conclusory manner — and perhaps improperly so. It may well be, however, that subsequent proceedings in this action will develop sufficient of the factual basis of plaintiff's claim as to permit the determination which we are now unable to make — i.e., whether the acts complained of arguably constitute an unfair labor practice so as to bring them within the jurisdiction of the National Labor Relations Board. Accordingly, our affirmance is without prejudice to a renewal of the motion on that ground by the defendant, if so advised. In support of that branch of the motion as seeks to dismiss the complaint for insufficiency, defendants contend that the plaintiff's failure to plead exhaustion of the internal remedies of the union is fatal. In the light of the nature of the complaint, which does not even allege membership in the union, we perceive no need for such allegation. It is also urged that the failure to allege ratification by the membership of the acts complained of also requires a dismissal. As we read the complaint there is sufficient pleaded to spell out authority on the part of the union officers to bind the membership. Concur — Rabin, J. P., McNally, Eager, Steuer and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BOBBY LEE SAMS, Appellant.— Order, entered on March 19, 1963, unanimously affirmed. (See People v. Brown, 13 N Y 2d 201.) Concur — Rabin, J. P., Valente, McNally, Stevens and Witmer, JJ.